UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN REYNOLDS,

                              Petitioner,

                                                                       DECISION AND ORDER

                                                                           02-CV-6577L

                v.

JOHN BEAVER, Superintendent of
Orleans Correctional Facility,

                              Respondent.
_____

      Petitioner, John Reynolds ("Reynolds"), filed a *pro se* petition for a writ of habeas corpus challenging his conviction for second degree manslaughter in Cattaraugus County Court. Reynolds was sentenced in January, 1999 to an indeterminate term of imprisonment of 4 to 12 years. Although Reynolds was in custody when he filed the petition, he has now been released.

      The Court referred the petition to United States Magistrate Judge Victor E. Bianchini pursuant to 28 U.S.C. § 636(b). Magistrate Judge Bianchini issued a thorough, 22-page, Report and Recommendation in which he recommends that the petition be denied in all respects. Reynolds filed objections to that Report and Recommendation and urged this Court to reject it on August 12, 2005.

      Magistrate Judge Bianchini sets forth in great detail the facts surrounding the fight which led to the death of Kevin King. Reynolds does not challenge the sufficiency of the evidence, but claims

that his trial counsel provided ineffective assistance of counsel. Magistrate Judge Bianchini carefully considered those claims and rejected them. I agree with his conclusion.

I believe that Reynolds has failed to establish ineffective assistance of counsel under the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). To prove a Sixth Amendment violation of the Constitution, a petitioner must show both that the attorney's performance was inadequate and deficient and that but for that error, the outcome of the proceeding would have been different. Petitioner must show that the attorney's performance was objectively unreasonable. Reynolds has failed to establish either prong of the test.

The petitioner focuses on what he claims was poor advice as to whether to accept a plea offer. The state court, though, made factual findings that the defendant on several occasions in open court rejected the plea offer. In the state court proceeding, Reynolds' trial attorney disputed Reynolds' assertion that he had not been advised of the law concerning accomplice liability. Furthermore, it appears that Reynolds had several attorneys involved in the case.

As Magistrate Judge Bianchini pointed out, at trial the defense was not an unreasonable one. The defense attempted to establish that petitioner was attempting to act as a peacemaker between the two groups and that he did not make the statement that may have precipitated the brawl.

I also find, as did Magistrate Judge Bianchini, that the affidavit submitted by petitioner in an attempt to show that he would have taken the guilty plea does not constitute objective evidence of that fact. It involved little more than self-serving, after the fact, statements by family and friends.

I find no evidence here to support petitioner's claim that there has been a constitutional violation of his right to counsel under the Sixth Amendment. What is presented, is little more than second-guessing about tactics pursued at trial that were certainly reasonable at the time, and not objected to by petitioner.

CONCLUSION

I adopt and accept the Report and Recommendation of United States Magistrate Judge Victor E. Bianchini filed June 21, 2005 (Dkt. #17). The petition for a writ of habeas corpus is denied and dismissed. Furthermore, I deny a certificate of appealability because petitioner has failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 22, 2005.